# United States District Court for the
# District of North Dakota

| | | |
|---|---|---|
| Nancy G. Holmes, | ) | Case type: Civil |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PROTECTIVE ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No.: 4:11-cv-013 |
| Trinity Health, | ) | |
| | ) | |
| Defendant. | ) | |

The parties to the above-entitled matter came forth and requested, by Stipulation that the Court enter a Protective Order to maintain confidentiality in the above-entitled matter. Having reviewed the Stipulation the Court enters the following PROTECTIVE ORDER.

1. As used in the Protective Order, these terms have the following meanings:

    "Attorneys" means counsel of record;

    "Confidential" documents are documents designated pursuant to paragraph 2;

    "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

    "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

    "Written Assurance" means an executed document in the form attached as

Exhibit A.

2. A Party may designate a document "Confidential," to protect information within the scope of Fed. R. Civ. P. 26 (c).

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph four (4). Any other use prohibited. All documents produced as a result of the Plaintiff executing medical authorization shall be deemed "Confidential".

4. Access to any Confidential document shall be limited to:

   (a) the Court and its staff;

   (b) Attorneys, their law firms, and their Outside Vendors;

   (c) persons shown on the face of the documents to have authored or received it;

   (d) court reporters retained to transcribe testimony;

   (e) the parties;

   (f) outside independent persons (i.e., person not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors

or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. Each person appropriately designated pursuant to paragraph (4) (f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior

approval of the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing

Procedures for the District of North Dakota. Prior to disclosure at trial or a hearing of materials or information designated "Confidential," the parties may seek further protections against public disclosure from the Court.

10. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the request change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26 (c).

11. If information subject to a claim of attorney-client privilege, attorney work product or any other legal privilege protecting information from discovery is inadvertently produced to a party or parties, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party or other person otherwise would be entitled. In the event the receiving party discovers it has received either attorney-client privilege or attorney work-product protected documents, it will bring that

fact to the attention of the producing party immediately upon discovery. If the producing party discovers it inadvertently disclosed information subject to an attorney-client privilege or attorney work product doctrine, the producing party must make a claim of inadvertent production by promptly notifying the receiving party, and the receiving party shall: (a) promptly return the document(s) to the claiming party or person and all copies or reproductions thereof as to which the claim of inadvertent production has been made; (b) destroy all notes or other work product reflecting the contents of such material; and (c) delete such material from any litigation-support or other databases. No such inadvertently produced attorney-client privilege or work-product protected document(s) may be used in evidence against the producing party. The provisions of this Paragraph shall not be deemed to prevent any party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production. If either party seeks judicial enforcement of this provision, the costs and reasonable attorneys' fees of the party seeking enforcement will be paid by the party against whom such enforcement must be sought, but only if the court finds the existence of a valid privilege and grants enforcement of this provision by ordering the return and non-evidentiary use of the produced

document(s).

12. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

13. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Protective Order shall survive the termination of this action.

16. **HANDLING OF SEALED DOCUMENTS FILED IN CONNECTION WITH ALL MOTIONS.**

In connection with any motion filed with this Court, only those portions of

party's submission (e.g., memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g., because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26 (c) (1) (G), shall be filed under seal. Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement. ~~With respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand-delivered to all parties and hand-delivered to the Court contemporaneously with the documents being posted on ECF.~~ *CSM* Parties shall contact the Clerk's office for filing sealed documents.

IT IS SO ORDERED.

Dated: 11/10/204

BY THE COURT

_____
United States Magistrate Judge

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of

_____, County of _____, State of

_____. My telephone number is _____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated

_____, filed in Case No. 4:11-CV-013, pending in the United

States District Court of North Dakota. I agree to comply with and be bound by the

provisions of the Protective Order. I understand that any violation of the

Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents or copies of documents, designated

"Confidential" obtained pursuant to such Protective Order, or the contents of such

documents, to any person other than those specifically authorized by the Protective

Order. I shall not copy or use such documents except for the purposes of this

action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this

action, I shall return to the attorney from whom I have received them, any

documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United Sated District Court for the District of North Dakota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____     _____
                (Date)                                      (Signature)